COURT TERMS
CIRCUIT COURT
1ST MONDAY JANUARY
1ST MONDAY MARCH
1ST MONDAY MAY
1ST MONDAY JUNE
1ST MONDAY SEPTEMBER
1ST MONDAY NOVEMBER

SECOND DISTRICT
CIRCUIT
4TH MONDAY JANUARY
2ND MONDAY JULY
4TH MONDAY SEPTEMBER

**Office of the Circuit Court**
**Hinds County**

**Zack Wallace Circuit Clerk**
www.hindscountyms.com

COURT TERMS
COUNTY COURT
2ND MONDAY
EACH MONTH

SECOND DISTRICT
COUNTY

2ND MONDAY MARCH
2ND MONDAY JUNE
2ND MONDAY SEPTEMBER
2ND MONDAY DECEMBER

**SHIRLEY ANNE GRAHAM**

**PLAINTIFF**

**VS**                                                    **NO.   20-11**

**MCALISTERS DELI; JOHN AND JANE DOES 4-5**

**DEFENDANTS**

### CLERK'S CERTIFICATION

I, **Zack Wallace, Clerk of Hinds County, Mississippi**, hereby certify that the attached are

true and correct copies of all papers filed in the above styled and numbered cause, as of this

date the same is of record in this office to wit:

**GIVEN UNDER MY HAND AND SEAL** of office this the ___29TH___ day of __MAY_____,
_2020_____.

**EXHIBIT**

**A**
_____

**Zack Wallace, Circuit Clerk, Hinds County**

By_____D.C.

FIRST DISTRICT - JACKSON OFFICE
P.O. BOX 327 JACKSON, MS 39205
PHONE: 601-968-6628 FAX: 601-973-5547

SECOND DISTRICT - RAYMOND OFFICE
P.O. BOX 999 RAYMOND, MS 39154
PHONE:601-857-8038 FAX:601-857-0535

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**SHIRLEY ANNE GRAHAM**                                            **PLAINTIFF**

**V.**                                            CAUSE NO.: 20-11

**MCALISTERS DELI;**
**JOHN AND JANE DOES 1-5**                                            **DEFENDANTS**

### COMPLAINT
(Jury Trial Requested)

COMES NOW Plaintiff Shirley Anne Graham, by and through counsel, and files this Complaint against Defendant McAlister's Deli and John and Jane Does 1-5, and would show the following in support thereof:

### PARTIES

1.      Shirley Anne Graham (Plaintiff) is an adult resident citizen of Hinds County, Mississippi, residing at 145 Windy Hill Cove, Raymond, Mississippi 39154.

2.      McAlister's Deli (Defendant) is a Mississippi entity principally located at 17 Sweet Maple Trail Petal, Mississippi 39465, that may be served with process through its agent, Jason Craig Langnes, 17 Sweet Maple Trail Petal, Mississippi 39465.

3.      The location of the fall was a McAlister's property during regular business hours located at 620 Highway 80 East, Clinton, Mississippi 39056

4.      Defendants John and Jane Does 1-5 are persons and/or entities whose identities are currently unknown to Plaintiff.[1]

---

[1] These persons and/or entities include, but are not limited to, any and all persons who are liable to Plaintiff for the actions and/or inactions complained of herein; when true names are discovered, this cause shall be amended by substituting the true consequential name and giving proper notice to all parties.

## JURISDICTION AND VENUE

5.      This court has jurisdiction over the parties and subject matter.

6.      The torts alleged below having occurred in Hinds County, Mississippi, venue is proper in this court.

## STATEMENT OF FACTS

7.      On or about April 11, 2017, Plaintiff went to the McAlister's Deli located on Highway 80 East, Clinton Mississippi.

8.      Plaintiff entered the bathroom while a worker was present and asked if it was okay to come in.  The worker continued cleaning the bathroom the plaintiff then asked if it was ok to leave the stall the worker said it was fine and left the bathroom.

9.      Upon leaving the stall the Plaintiff slipped and was incapable of gaining her feet, ultimately resulting in calling her husband to help her get out of the bathroom.

10.     On information and belief, the Defendants had a duty to warn the Plaintiff that the floors were wet immediately after cleaning them and that there should have been signage and/or verbal warning to this effect.

11.     No sign was posted warning about the unsafe condition of the premises at the time when the accident occurred.

12.     No verbal warning was given despite the Plaintiff twice enquiring as to the safety of the condition of the flooring.

13.     At all relevant times, Plaintiff acted with reasonable and prudent regard for her own safety.

14.     Plaintiff sustained bodily injuries caused by the accident.

## COUNT I. NEGLIGENCE

15.     The Defendants owed the following non-delegable duties:

    a.    The duty to maintain their premises in a safe condition in order to prevent accidents such as the accident described in this complaint.

    b.    The duty to comply with applicable building codes.

    c.    The duty to conduct regular, routine, and adequate inspections to mediate against unsafe conditions.

    d.    The duty to implement and enforce safety policies intended to prevent unsafe conditions that might cause accidents such as the accident described in this complaint, to be set forth in writing in safety manuals, safety plans, and/or other such documents.

16.     All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT II. FAILURE TO WARN

17.     Plaintiff restates this entire complaint.

18.     The Defendants owed the following non-delegable duties:

    e.    The affirmative duty to warn Plaintiff about the unsafe state of their premises.

    f.    The duty to comply with applicable building codes.

    g.    The duty to implement and enforce safety policies, to be set forth in writing in safety manuals, safety plans, and/or other such documents, to ensure compliance with the duty to warn.

19.     All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT III. GROSS NEGLIGENCE

20.     Plaintiff restates this entire complaint.

21.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to prevent accidents such as Plaintiff's accident.

22.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to warn about unsafe conditions such as the unsafe conditions alleged in this complaint.

23.     On information and belief, the Defendants failed to conduct regular, routing, or adequate safety inspections necessary to prevent accidents such as Plaintiff's accident.

24.     On information and belief, the Defendants failed to document and record reports of unsafe conditions, which is necessary to develop a reasonable safety plan.

25.     On information and belief, the Defendants failed to conduct investigations following accident resulting in injury, to prevent further such accidents from occurring in the future.

## DAMAGES

26.     As a direct and proximate result of the negligence of Defendants, the Plaintiff suffered injuries and damages which include, but are not necessarily limited to, the following:

a.     Past, present and future physical pain and suffering;

b.     Inconvenience and aggravation resulting in emotional and mental suffering past, present and future;

   c. Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

   d. Temporary physical impairment and disability;

   e. Loss of enjoyment of life; and,

   f. Loss of wages.

27. Plaintiff seeks compensatory relief for damages including, but not necessarily limited to, those set forth above.

28. Plaintiff seeks punitive damages.

29. Plaintiff seeks attorney fees.

## PRAYER FOR RELIEF

30. Wherefore, Plaintiff demands a judgment of, from, and against the Defendants, in an amount within the jurisdictional limits of this court, to be determined at the trial of this cause, plus interest from the date of the filing of the original complaint, and all costs of court.

RESPECTFULLY SUBMITTED, this _11th_ day of _April_ 2020.

**SHIRLEY ANNE GRAHAM**

By: _____

DEREK E. CARROLL, MSB #105198
*Attorney for the Plaintiff*

OF COUNSEL:

Derek E. Carroll (MSB #105198)
Carroll Law Firm
1510 North State Street, Suite 301
Jackson, MS 39202
Tel. 601-663-2555
Cell. (615)-972-3899
des@carrolllawfirm.llc

# Carroll Law Firm, LLC

**1510 North State Street #301**
**Jackson, MS 39202**
www.CarrollLawFirm.LLC
**601-663-2555**

April 6, 2020

Mr. Zack Wallace, Clerk
Hinds County Circuit Court
Second Judicial District
Post Office Box 999
Raymond, MS 39154

     Re:   Shirley Anne Graham vs. McAlister's Deli, et al

Dear Clerk:

     Please find enclosed a civil cover sheet, an original and two (2) copies of a complaint, an original and two (2) copies of a Summons and a check in the amount of $161.00 for the filing fee. Please file in your normal manner and return the copies to me in the enclosed, self-addressed, stamped envelope provided.

     If you have any questions, please feel free to contact me at 601-502-5576.

     Sincerely,

     Misti Albritton, Paralegal

:mla
Enclosures

Case 25CI1:20-cv-00011-EFP   Document # 2-1   Filed: 01/07/2020   Page 1 of 1

## COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court          Form AOC/01
Administrative Office of Courts          (Rev 2016)

This area to be completed by clerk

| In the CIRCUIT | Court of HINDS | County — SECOND Judicial District |
|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  Graham                    Shirley                                        A.
          Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** _____

Attorney (Name & Address)  Derek E. Carroll, 1510 N. State Street, Suite 301, Jackson, MS 39202          MS Bar No. 105198

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Derek E. Carroll*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
          Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business**  McAlister's Deli

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____          MS Bar No. _____

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors – Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce: Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | Post-Conviction/Civil Rights | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | Probate | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | Torts |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | Contract | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| Appeals | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other _____ | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | Statutes/Rules | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [X] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other _____ | [ ] Alcohol/Drug Commitment (involuntary) | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (voluntary) | [ ] Other _____ | [ ] Subrogation |
| | [ ] Other _____ | | [ ] Wrongful Death |
| | | | [ ] Other _____ |

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**SHIRLEY ANNE GRAHAM**                                              **PLAINTIFF**

**V.**                                                    CAUSE NO.: $20-11$

**MCALISTERS DELI;**
**JOHN AND JANE DOES 1-5**                                          **DEFENDANTS**

### SUMMONS

TO:   McAlister's Deli
      Registered Agent: Jason Craig Langnes
      17 Sweet Maple Trail
      Petal, MS 39465

#### NOTICE TO DEFENDANT(S)

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the attached Complaint to Derek E. Carroll, attorney for the Plaintiff, whose physical address is 1510 North State Street, Suite 301, Jackson, MS 39202 and whose mailing address is 1510 North State Street, Suite 301, Jackson, MS 39202. Your response to the Complaint must be mailed or hand delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court, this the 7th day of April, 2020

                              **HINDS COUNTY CIRCUIT CLERK**

                        BY: _____
                              Deputy Clerk

Derek E. Carroll, Esq. (MSB# 105198)
Carroll Law Firm
1510 North State Street, Suite 301
Jackson, MS 39202
Telephone: 601-663-2555
Cell: 615-972-3899
Email: des@carrolllawfirm.llc

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**SHIRLEY ANNE GRAHAM**                                                    **PLAINTIFF**

**V.**                                                            **CAUSE NO.: 20-11**

**MCALISTER'S DELI D/B/A MCALISTER'S MANAGEMENT CORPORATION;**
**RESTAURANT ACQUISITION COMPANY;**
**John and Jane Does 1-4**                                        **DEFENDANTS**

### AMENDED COMPLAINT
(Jury Trial Requested)

COMES NOW Plaintiff Shirley Anne Graham, by and through counsel, and files this Amended Complaint against Defendants McAlister's Deli d/b/a McAlister's Management Corporation; Restaurant Acquisition Company and John Does 2-5, and would show the following in support thereof:

### PARTIES

1.    Shirley Anne Graham (Plaintiff) is an adult resident citizen of Hinds County, Mississippi, residing at 145 Windy Hill Cove, Raymond, Mississippi 39154.

2.    On December 24, 1997, McAlister's Deli a/k/a McAlister's Gourmet Deli of Clinton, Inc. merged with McAlister's Management Corporation and therefore naming the survivor, McAlister's Management Corporation.

3.    On April 2, 1999, McAlister's Management Corporation merged with Restaurant Acquisition Company and therefore naming the survivor, Restaurant Acquisition Company.

4.    Defendant, Restaurant Acquisition is a company with its business offices within the State of Mississippi, authorized to do and doing business within the State of Mississippi which may be served with process of this court by service of process upon its agent, Jim Little, 706 Lee Avenue, Crystal Springs, MS 39095.

5.    The location of the fall was a McAlister's property during regular business hours located at 620 Highway 80 East, Clinton, Mississippi 39056

6.    Defendants John Does 1-5 are persons and/or entities whose identities are currently unknown to Plaintiff.[1]

## JURISDICTION AND VENUE

7.    This court has jurisdiction over the parties and subject matter.

8.    The torts alleged below having occurred in Hinds County, Mississippi, venue is proper in this court.

## STATEMENT OF FACTS

9.    On or about April 11, 2017, Plaintiff went to the McAlister's Deli located on Highway 80 East, Clinton Mississippi.

10.    Plaintiff entered the bathroom while a worker was present and asked if it was okay to come in.  The worker continued cleaning the bathroom the plaintiff then asked if it was ok to leave the stall the worker said it was fine and left the bathroom.

11.    Upon leaving the stall the Plaintiff slipped and was incapable of gaining her feet, ultimately resulting in calling her husband to help her get out of the bathroom.

12.    On information and belief, the Defendants had a duty to warn the Plaintiff that the floors were wet immediately after cleaning them and that there should have been signage and or verbal warning to this effect.

13.    No sign was posted warning about the unsafe condition of the premises at the time

---

[1] These persons and/or entities include, but are not limited to, any and all persons who are liable to Plaintiff for the actions and/or inactions complained of herein; when true names are discovered, this cause shall be amended by substituting the true consequential name and giving proper notice to all parties.

when the accident occurred.

16. No verbal warning was given despite the plaintiff twice enquiring as to the safety of the condition of the flooring.

15. At all relevant times, Plaintiff acted with reasonable and prudent regard for her own safety.

16. Plaintiff sustained bodily injuries caused by the accident.


## COUNT I. NEGELIGENCE

17. The Defendants owed the following non-delegable duties:

    a.    The duty to maintain their premises in a safe condition in order to prevent accidents such as the accident described in this complaint.

    b.    The duty to comply with applicable building codes.

    c.    The duty to conduct regular, routine, and adequate inspections to mediate against unsafe conditions.

    d.    The duty to implement and enforce safety policies intended to prevent unsafe conditions that might cause accidents such as the accident described in this complaint, to be set forth in writing in safety manuals, safety plans, and/or other such documents.

18. All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT II. FAILURE TO WARN

19.     Plaintiff restates this entire complaint.

20.     The Defendants owed the following non-delegable duties:

    a.     The affirmative duty to warn Plaintiff about the unsafe state of their premises.

    b.     The duty to comply with applicable building codes.

    c.     The duty to implement and enforce safety policies, to be set forth in writing in safety manuals, safety plans, and/or other such documents, to ensure compliance with the duty to warn.

21.     All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT III. GROSS NEGLIGENCE

22.     Plaintiff restates this entire complaint.

23.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to prevent accidents such as Plaintiff's accident.

24.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to warn about unsafe conditions such as the unsafe conditions alleged in this complaint.

25.     On information and belief, the Defendants failed to conduct regular, routing, or adequate safety inspections necessary to prevent accidents such as Plaintiff's accident.

26.     On information and belief, the Defendants failed to document and record reports of unsafe conditions, which is necessary to develop a reasonable safety plan.

4

27.    On information and belief, the Defendants failed to conduct investigations following accident resulting in injury, to prevent further such accidents from occurring in the future.

## DAMAGES

28.    As a direct and proximate result of the negligence of Defendants, the Plaintiff suffered injuries and damages which include, but are not necessarily limited to, the following:

      a.    Past, present and future physical pain and suffering;

      b.    Inconvenience and aggravation resulting in emotional and mental suffering past, present and future;

      c.    Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

      d.    Temporary physical impairment and disability;

      e.    Loss of enjoyment of life; and,

      f.    Loss of wages.

29.    Plaintiff seeks compensatory relief for damages including, but not necessarily limited to, those set forth above.

30.    Plaintiff seeks punitive damages.

31.    Plaintiff seeks attorney fees.

## PRAYER FOR RELIEF

32.    Wherefore, Plaintiff demands a judgment of, from, and against the Defendants, in an amount within the jurisdictional limits of this court, to be determined at the trial of this cause, plus interest from the date of the filing of the original complaint, and all costs of court.

RESPECTFULLY SUBMITTED, this 1ˢᵗ day of May 2020.

**SHIRLEY ANNE GRAHAM**

DEREK E. CARROLL, MSB#105198
*Attorney for Plaintiff*

OF COUNSEL:

Derek E. Carroll (MSB# 105198)
Carroll Law Firm
1510 N. State Street, Suite 301
Jackson, MS 39202
Tel. 601-663-2555
Cell. 615-972-3899
Email: des@carrolllawfirm.llc

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**SHIRLEY ANNE GRAHAM**                                                                **PLAINTIFF**

**V.**                                                                             **CAUSE NO.: 20-11**

**MCALISTER'S DELI D/B/A MCALISTER'S MANAGEMENT CORPORATION;
RESTAURANT ACQUISITION COMPANY; MCALISTER'S, LLC;
John and Jane Does 1-4**                                                          **DEFENDANTS**

**SECOND AMENDED COMPLAINT**
(Jury Trial Requested)

COMES NOW Plaintiff Shirley Anne Graham, by and through counsel, and files this

Second Amended Complaint against Defendants McAlister's Deli d/b/a McAlister's Management

Corporation; Restaurant Acquisition Company, McAlister's, LLC and John Does 2-5, and would

show the following in support thereof:

**PARTIES**

1.      Shirley Anne Graham (Plaintiff) is an adult resident citizen of Hinds County,

Mississippi, residing at 145 Windy Hill Cove, Raymond, Mississippi 39154.

2.      On December 24, 1997, McAlister's Deli a/k/a McAlister's Gourmet Deli of

Clinton, Inc. merged with McAlister's Management Corporation and therefore naming the

survivor, McAlister's Management Corporation.

3.      On April 2, 1999, McAlister's Management Corporation merged with Restaurant

Acquisition Company and therefore naming the survivor, Restaurant Acquisition Company.

4.      On January 29, 2020, Restaurant Acquisition Company was converted to

McAlister's, LLC and therefore naming the survivor, McAlister's LLC.

5.      Defendant, McAlister's LLC is a company with its principal business office located

at 5620 Glenridge Drive NE, Atlanta, GA 30342 and may be served with process through its

registered agent Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

6.      The location of the fall was a McAlister's property during regular business hours located at 620 Highway 80 East, Clinton, Mississippi 39056

7.      Defendants John Does 1-5 are persons and/or entities whose identities are currently unknown to Plaintiff.[1]

## JURISDICTION AND VENUE

8.      This court has jurisdiction over the parties and subject matter.

9.      The torts alleged below having occurred in Hinds County, Mississippi, venue is proper in this court.

## STATEMENT OF FACTS

10.      On or about April 11, 2017, Plaintiff went to the McAlister's Deli located on Highway 80 East, Clinton Mississippi.

11.      Plaintiff entered the bathroom while a worker was present and asked if it was okay to come in.  The worker continued cleaning the bathroom the plaintiff then asked if it was ok to leave the stall the worker said it was fine and left the bathroom.

12.      Upon leaving the stall the Plaintiff slipped and was incapable of gaining her feet, ultimately resulting in calling her husband to help her get out of the bathroom.

13.      On information and belief, the Defendants had a duty to warn the Plaintiff that the floors were wet immediately after cleaning them and that there should have been signage and or verbal warning to this effect.

---

[1] These persons and/or entities include, but are not limited to, any and all persons who are liable to Plaintiff for the actions and/or inactions complained of herein; when true names are discovered, this cause shall be amended by substituting the true consequential name and giving proper notice to all parties.

14.    No sign was posted warning about the unsafe condition of the premises at the time when the accident occurred.

15.    No verbal warning was given despite the plaintiff twice enquiring as to the safety of the condition of the flooring.

16.    At all relevant times, Plaintiff acted with reasonable and prudent regard for her own safety.

17.    Plaintiff sustained bodily injuries caused by the accident.

## COUNT I. NEGELIGENCE

18.    The Defendants owed the following non-delegable duties:

    a.    The duty to maintain their premises in a safe condition in order to prevent accidents such as the accident described in this complaint.

    b.    The duty to comply with applicable building codes.

    c.    The duty to conduct regular, routine, and adequate inspections to mediate against unsafe conditions.

    d.    The duty to implement and enforce safety policies intended to prevent unsafe conditions that might cause accidents such as the accident described in this complaint, to be set forth in writing in safety manuals, safety plans, and/or other such documents.

19.    All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT II. FAILURE TO WARN

20.     Plaintiff restates this entire complaint.

21.     The Defendants owed the following non-delegable duties:

     a.     The affirmative duty to warn Plaintiff about the unsafe state of their premises.

     b.     The duty to comply with applicable building codes.

     c.     The duty to implement and enforce safety policies, to be set forth in writing in safety manuals, safety plans, and/or other such documents, to ensure compliance with the duty to warn.

22.     All Defendants failed to perform and violated or breached all and singularly the duties set forth in the preceding paragraphs, and such failure, violation, and breach constitutes negligence on their part.

## COUNT III. GROSS NEGLIGENCE

23.     Plaintiff restates this entire complaint.

24.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to prevent accidents such as Plaintiff's accident.

25.     On information and belief, the Defendants implemented no safety manual, safety plan, or other procedures to warn about unsafe conditions such as the unsafe conditions alleged in this complaint.

26.     On information and belief, the Defendants failed to conduct regular, routing, or adequate safety inspections necessary to prevent accidents such as Plaintiff's accident.

27.     On information and belief, the Defendants failed to document and record reports of

4

unsafe conditions. which is necessary to develop a reasonable safety plan.

28.    On information and belief. the Defendants failed to conduct investigations following accident resulting in injury, to prevent further such accidents from occurring in the future.

## DAMAGES

29.    As a direct and proximate result of the negligence of Defendants, the Plaintiff suffered injuries and damages which include, but are not necessarily limited to, the following:

   a.    Past, present and future physical pain and suffering;

   b.    Inconvenience and aggravation resulting in emotional and mental suffering past, present and future;

   c.    Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

   d.    Temporary physical impairment and disability;

   e.    Loss of enjoyment of life; and,

   f.    Loss of wages.

30.    Plaintiff seeks compensatory relief for damages including, but not necessarily limited to, those set forth above.

31.    Plaintiff seeks punitive damages.

32.    Plaintiff seeks attorney fees.

## PRAYER FOR RELIEF

33.    Wherefore, Plaintiff demands a judgment of, from, and against the Defendants, in an amount within the jurisdictional limits of this court, to be determined at the trial of this cause,

plus interest from the date of the filing of the original complaint, and all costs of court.

RESPECTFULLY SUBMITTED, this ___ day of ___ 2020.

**SHIRLEY ANNE GRAHAM**

DEREK E. CARROLL, MSB#105198
*Attorney for Plaintiff*

OF COUNSEL:

Derek E. Carroll (MSB# 105198)
Carroll Law Firm
1510 N. State Street, Suite 301
Jackson, MS 39202
Tel. 601-663-2555
Cell. 615-972-3899
Email: des@carrolllawfirm.llc

6

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**SHIRLEY ANNE GRAHAM**                                               **PLAINTIFF**

**V.**                                                          **CAUSE NO.: 20-11**

**MCALISTER'S DELI D/B/A MCALISTER'S MANAGEMENT CORPORATION;**
**RESTAURANT ACQUISITION COMPANY; MCALISTER'S, LLC;**
**John and Jane Does 1-4**                                        **DEFENDANTS**

### SUMMONS

To:   McAlister's LLC
Agent for Process: Corporation Service Company
7716 Old Canton Road, Suite C
Madison, Mississippi 39110

#### NOTICE TO DEFENDANT(S)

THE AMENDED COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the attached Amended Complaint to Derek E. Carroll, attorney for the Plaintiff, whose physical address is 1510 North State Street, Suite 301, Jackson, MS 39202 and whose mailing address is 1510 North State Street, Suite 301, Jackson, MS 39202. Your response to the Amended Complaint must be mailed or hand delivered within (30) days from the date of delivery of this summons and Amended Complaint or a judgment by default will be entered against you for the money or other things demanded in the Amended Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court, this the _20th_ day of _May_, 2020

**HINDS COUNTY CIRCUIT CLERK**

BY: _____
Deputy Clerk

Derek E. Carroll, Esq. (MSB# 105198)
Carroll Law Firm
1510 North State Street, Suite 301
Jackson, MS 39202
Telephone: 601-663-2555
Email: des@carrolllawfirm.llc