IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHIRLEY ANNE GRAHAM     PLAINTIFF

VS.     CIVIL ACTION NO. 3:20CV380HTW-LRA

MCALISTER'S DELI D/B/A MCALISTER'S
MANAGEMENT CORPORATION;
RESTAURANT ACQUISITION COMPANY;
MCALISTER'S, LLC; AND JOHN AND
JANE DOES 1-4     DEFENDANTS

## MCALISTER'S LLC'S ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

COMES NOW defendant, McAlister's LLC, by counsel, and submits its Answer and Defenses to the Second Amended Complaint, as follows:

### FIRST DEFENSE

The Second Amended Complaint may fail to state a claim against this defendant upon which relief may be granted.

### SECOND DEFENSE

The Second Amended Complaint may be barred by the applicable statute of limitations.

### THIRD DEFENSE

### ANSWER

### PARTIES

1.

This defendant admits the allegations contained in paragraph 1 of the Second Amended Complaint upon information and belief.

{D1416910.1}

2.

This defendant admits upon information and belief that McAlister's Gourmet Deli of Clinton, Inc. merged with McAlister's Management Corporation on or about December 24, 1997, with McAlister's Management Corporation being the surviving corporation. This defendant denies the remaining allegations contained in paragraph 2 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

3.

This defendant admits that on April 2, 1999, McAlister's Management Corporation merged with Restaurant Acquisition Company with the surviving corporation being Restaurant Acquisition Company, but the name of the surviving corporation being McAlister's Corporation. This defendant denies the remaining allegations contained in paragraph 3 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

4.

This defendant denies the allegations contained in paragraph 4 of the Second Amended Complaint. On December 11, 2019, McAlister's Corporation was converted to a Delaware limited liability company with the new business name being McAlister's LLC. The conclusions contained in paragraph 4 of the Second Amended Complaint require no response.

5.

This defendant admits the allegations contained in paragraph 5 of the Second Amended Complaint.

6.

This defendant admits that the alleged incident occurred at a McAlister's restaurant located at 620 Highway 80 East, Clinton, Mississippi, which restaurant was owned by McAlister's LLC. The conclusions contained in paragraph 6 of the Second Amended Complaint require no response.

7.

Paragraph 7 of the Second Amended Complaint contains no allegations requiring a response from this defendant.

## JURISDICTION AND VENUE

8.

This defendant admits that this Court has jurisdiction over it. The conclusions contained in paragraph 8 of the Second Amended Complaint require no response.

9.

This defendant admits that venue is proper but denies that it committed any torts. The conclusions contained in paragraph 9 of the Second Amended Complaint require no response.

## STATEMENT OF FACTS

10.

This defendant admits the allegations contained in paragraph 10 of the Second Amended Complaint.

11.

This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

{D1416910.1}

12.

This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

13.

This defendant denies the allegations contained in paragraph 13 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

14.

This defendant denies the allegations contained in paragraph 14 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

15.

This defendant denies the allegations contained in paragraph 15 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

16.

This defendant denies the allegations contained in paragraph 16 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

17.

This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

## COUNT I. NEGLIGENCE

18.

Paragraph 18 of the Second Amended Complaint, including subparagraphs a. through d., contains legal conclusions requiring no response from this defendant.  To the extent that a response is required, this defendant denies the allegations to the extent that they are incorrect statements of Mississippi law.

19.

This defendant denies the allegations contained in paragraph 19 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

## COUNT II. FAILURE TO WARN

20.

This defendant restates its responses to paragraphs 1 through 19 of the Second Amended Complaint as and for its response to paragraph 20.

21.

This defendant denies the allegations contained in paragraph 21 of the Second Amended Complaint, including subparagraphs a. through c.  The conclusions contained in that paragraph require no response.

22.

This defendant denies the allegations contained in paragraph 22 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

{D1416910.1}

## COUNT III. GROSS NEGLIGENCE

23.

This defendant restates its responses to paragraphs 1 through 22 of the Second Amended Complaint as and for its response to paragraph 23.

24.

This defendant denies the allegations contained in paragraph 24 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

25.

This defendant denies the allegations contained in paragraph 25 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

26.

This defendant denies the allegations contained in paragraph 26 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

27.

This defendant denies the allegations contained in paragraph 27 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

28.

This defendant denies the allegations contained in paragraph 28 of the Second Amended Complaint. The conclusions contained in that paragraph require no response.

DAMAGES

29.

This defendant denies the allegations contained in paragraph 29 of the Second Amended Complaint, including subparagraphs a. through f.  The conclusions contained in that paragraph require no response.

30.

This defendant denies the allegations contained in paragraph 30 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

31.

This defendant denies the allegations contained in paragraph 31 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

32.

This defendant denies the allegations contained in paragraph 32 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

PRAYER FOR RELIEF

33.

This defendant denies the allegations contained in paragraph 33 of the Second Amended Complaint.  The conclusions contained in that paragraph require no response.

And now, having answered the allegations of the Second Amended Complaint, paragraph by paragraph, this defendant would assert the following additional defenses and matters in avoidance:

## FOURTH DEFENSE

The subject alleged incident and all the direct or indirect injuries or losses allegedly caused thereby were solely and proximately caused by the negligence or other conduct of the plaintiff or parties other than this defendant and/or solely and proximately caused by plaintiff's contributory negligence or other culpable conduct or the negligence or other culpable conduct of parties other than this defendant.  Accordingly, this defendant pleads the doctrine of comparative negligence and invokes Miss. Code Ann. § 85-5-7, and pleads all protections and defenses which may be available to it pursuant to that statute.

## FIFTH DEFENSE

Plaintiff may have failed to mitigate her alleged damages as required by law.

## SIXTH DEFENSE

Plaintiff may seek recovery for certain damages not recoverable as a matter of law.

## SEVENTH DEFENSE

This defendant would show that any conditions in, on or about any part or portion of the premises referred to in the Second Amended Complaint were open and obvious, that if plaintiff suffered injuries as alleged in the Second Amended Complaint, and plaintiff was negligent in failing to observe the conditions then and there existing, then such negligence was the sole proximate cause of the alleged incident and any resulting injuries and damages.  If defendant is mistaken that the alleged incident resulted solely from the negligence of the plaintiff, then this defendant would show that any such negligence was a proximate contributing cause of the incident alleged and any resulting damages.

## EIGHTH DEFENSE

This defendant pleads the protections of the caps afforded by Miss. Code Ann. § 11-1-60.

{D1416910.1}

## NINTH DEFENSE

This defendant pleads the protections and defenses afforded by Miss. Code Ann. § 11-1-65. This defendant avers that punitive damages are improper for this case and are in violation of the United States Constitution and the Constitution of the State of Mississippi.

## TENTH DEFENSE

The facts not having been fully developed, this defendant pleads the following defenses to the extent applicable: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, waiver and any other matter constituting an avoidance or affirmative defense.

## ELEVENTH DEFENSE

This defendant reserves the right to amend its Answer and Defenses to assert any additional defenses which may become available or apparent during discovery in this civil action.

Respectfully submitted,

MCALISTER'S LLC

BY:  /s/ George E. Abdo, III
       OF COUNSEL

GEORGE E. ABDO, III - MS BAR NO. 9782
gabdo@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

{D1416910.1}

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all known counsel of record.

/s/ George E. Abdo, III

{D1416910.1}